IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WALTER EDWARD YOUNG, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:08-01105 |
| v. | ) | Judge Trauger / Knowles |
| | ) | |
| MONTGOMERY COUNTY, TENNESSE, | ) | |
| STATE OF TENNESSEE, CPT. DOUG | ) | |
| TACKETT, LOUIS BAGGETT AND CHERYL | ) | |
| CASTLE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion for Judgment on the Pleadings filed by Defendant Douglas Tackett. Docket Entry No. 22. In his Motion, Defendant Tackett argues that Plaintiff's Complaint fails to allege any claim or cause of action against him because, except to name him as a Defendant and request monetary relief from him, Plaintiff does not mention him by name, by position, or by inferred action anywhere in his Complaint. *Id.* Defendant Tackett therefore maintains that Plaintiff's Complaint fails to contain a short and plain statement of the claim against him demonstrating that Plaintiff is entitled to the relief sought from him as is required by the Fed. R. Civ. P. 8, and that, accordingly, Plaintiff has failed to state a claim or cause of action against him. *Id.*

Plaintiff has filed a Response arguing that Defendant Tackett was "in charge of" the

1

Montgomery County Jail and knew of Plaintiff's situation, but failed to take it seriously. Docket Entry No. 29. Plaintiff states that he sues Defendant Tackett because, "being Cpt. of the Montgomery County Jail [he] has and holds all power to approve my calls or the responsibility as an officer of peace and justice to make sure I receive all possible resources in his power to clear and free my self [*sic*] from a wrongful and unjustified encarceration [*sic*]." *Id.*

For the reasons set forth below, the undersigned recommends that Defendant Tackett's Motion for Judgment on the Pleadings be GRANTED.

## II.  Analysis

### A.  Standard of Review:  Motion to Dismiss

Fed. R. Civ. P. 12(c) provides that a party can move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. The standard of review on a motion to dismiss pursuant to Fed. R. Civ. P. 12(c) is the same as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. V. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at

2

1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

**B. The Case at Bar**

As Defendant Tackett correctly argues, Plaintiff's Complaint fails to allege any claim or cause of action against him because, except to name him as a Defendant and request monetary relief from him, Plaintiff does not mention him by name, position, inferred action, or otherwise, anywhere in his Complaint. *See* Docket Entry No. 1. Fed. R. Civ. P. 8 requires a pleading to contain, (1) a short and plain statement of the grounds for the Court's jurisdiction, (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8. Because Plaintiff, in his Complaint, has failed to proffer any allegations against Defendant Tackett whatsoever, Plaintiff's Complaint does not contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory against him.[1] *Mezibov*, 411 F.3d at 716. Accordingly, Plaintiff has failed to state a claim against Defendant Tackett in either his individual or official capacities.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant Tackett's Motion for Judgment on the Pleadings be GRANTED.

---

[1] Although Plaintiff's Response to Defendant Tackett's Motion contains allegations against him, (1) Plaintiff's Response is not a pleading; and (2) even if Plaintiff's Response were a pleading, the allegations against Defendant Tackett contained therein are conclusory or based upon the doctrine of *respondeat superior*. Plaintiff's claims are grounded in 42 U.S.C. § 1983 (Docket Entry No. 1), and *respondeat superior* does not provide a basis for liability under that statute. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                  E. CLIFTON KNOWLES
                                                  United States Magistrate Judge