IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WALTER EDWARD YOUNG, JR., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 3:08-01105 |
| v. ) | Judge Trauger / Knowles |
| ) | |
| MONTGOMERY COUNTY, TENNESSE, ) | |
| STATE OF TENNESSEE, CPT. DOUG ) | |
| TACKETT, LOUIS BAGGETT AND CHERYL ) | |
| CASTLE, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Probation Parole Manager, Defendant Lewis Baggett. Docket Entry No. 26. Along with his Motion, Defendant Baggett has contemporaneously filed a Memorandum of Law. Docket Entry No. 27. Defendant Baggett moves for dismissal on the basis of absolute quasi-judicial immunity, Eleventh Amendment immunity, and because, inasmuch as he is sued in his official capacity, he stands in the shoes of the entity he represents, which is the State of Tennessee, which is not a "person" subject to suit under 42 U.S.C. § 1983. *Id.*

Plaintiff has filed a Response to Defendant Baggett's Motion to Dismiss arguing that Defendant Baggett showed "deliberate indifference" when Plaintiff informed him of the erroneous paperwork and he failed to "get[] the error corrected," thereby leading to the re-

1

incarceration of Plaintiff.  Docket Entry No. 32.  Plaintiff also argues that Defendant Baggett is a "person" acting under state authority and therefore subject to suit under 42 U.S.C. § 1983.  *Id.*

The relevant facts of this case are as follows.[1]  On November 1, 2001, Judge John Gasaway of the Criminal Court of Montgomery County, Tennessee, entered a judgment convicting Plaintiff of facilitation of rape and sentencing him to serve ten years with special conditions, including "community supervision for life following sentence expiration."  *See State of Tennessee v. Walter Young*, No. 40000375, Criminal Court of Montgomery County, Tennessee; Docket Entry No. 1-1, p. 8  Plaintiff served his sentence, and, upon his release on February 25, 2008, was placed on community supervision for life.  Docket Entry No. 1.  Plaintiff informed Defendant Baggett on February 26, 2008 that his placement on community supervision for life was erroneous because his plea agreement did not include that condition.  *Id.*  When Plaintiff violated the terms of community supervision, Defendant Baggett, as the Probation Parole Manager, charged him with said violation on April 8, 2008, and Plaintiff was placed in jail.  *Id.*

On June 11, 2008, Judge Gasaway amended the criminal judgment that had been entered against Plaintiff on November 1, 2001, removing the community supervision for life condition and releasing Plaintiff from jail.  Docket Entry No. 1-1, p. 10.  Plaintiff filed this 42 U.S.C. 1983 action on November 10, 2008, seeking, *inter alia*, compensatory damages from Defendant Baggett in the amount of eleven million ($11,000,000) dollars.  Docket Entry No. 1.

With regard to potential liability for damages in his individual capacity, Defendant

---

[1]Unless otherwise noted, the following facts are taken from Plaintiff's Complaint, and are taken as true for the purposes of this Motion.

Baggett is entitled to absolute immunity because, as a probation officer acting within his official capacity, he was performing a judicial or quasi-judicial function when he applied and enforced the rules of community service for life pursuant to Judge Gasaway's original judgment against Plaintiff, since quasi-judicial functions include those duties that are necessary to enforce a court's sentences and orders. *See, e.g., Bennett v. Batchik*, 1991 WL 110385 at *5 (6th Cir. 1991). Defendant Baggett correctly asserts that if the original judgment erroneously placed Plaintiff on community supervision for life, he cannot be held liable for enforcing that judgment because he was enforcing the Court's Order of supervision for life as it was entered, until such time as the Court amended its Order and removed the condition. Docket Entry No. 27.

Inasmuch as Plaintiff sues Defendant Baggett in his official capacity, Defendant Baggett is not subject to suit under § 1983 in his official capacity, as a suit against a State official in his official capacity is considered to be a suit against the State, which is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71, 109 S.Ct 2304, 2312 (1989). Moreover, the Eleventh Amendment bars suits for money damages against the State and State officials sued in their official capacities. *Id.* at 66, 2309-2310. Additionally, the Supreme Court has held that civil rights claims do not abrogate Eleventh Amendment immunity (*Quern v. Jordon*, 440 U.S. 332, 339-345, 99 S.Ct. 1139, 1144-1147 (1979)) and Tennessee has not waived its Eleventh Amendment immunity for civil rights suits (*American Civil Liberties Union v. Tennessee*, 496 F. Supp. 218 (M.D. Tenn. 1980)). Accordingly, Plaintiff cannot sustain this claim.

For the foregoing reasons, the undersigned recommends that Defendant Baggett's Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                     _____
E. CLIFTON KNOWLES
United States Magistrate Judge