IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WALTER EDWARD YOUNG, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:08-01105 |
| ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| MONTGOMERY COUNTY, ) | |
| TENNESSEE, STATE OF TENNESSEE, ) | |
| CPT. DOUG TACKETT, LOUIS ) | |
| BAGGETT and CHERYL CASTLE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

Section 1915(e)(2) provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines –
>
> . . .
>
> (B) The action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Section 1915A(b), which applies to complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, similarly provides:

> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

The Court is required to construe the Complaint in the light most favorable to the Plaintiff and to accept all well pleaded allegations of fact as being true. *Collins v. Nagle,* 892 F.2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the Complaint in the Plaintiff's favor, however, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

This is a pro se, in forma pauperis action filed by Plaintiff against Montgomery County,

the State of Tennessee, Cpt. Doug Tackett, Louis Baggett, and Cheryl Castle, pursuant to 42 U.S.C. § 1983. Docket No. 1. In his Complaint, Plaintiff makes the following allegations, which the Court accepts as true for present purposes.

On November 1, 2001, Judge John Gasaway of the Criminal Court of Montgomery County, Tennessee, entered a judgment convicting Plaintiff of facilitation of rape and sentencing him to serve ten years with special conditions, including "community supervision for life following sentence expiration." *See State of Tennessee v. Walter Young*, No. 40000375, Criminal Court of Montgomery County, Tennessee; Docket Entry No. 1-1, p, 8. Plaintiff served his sentence and, upon his release on February 25, 2008, was placed on community supervision for life. Docket Entry No. 1. Plaintiff informed Defendant Baggett on February 26, 2008 that his placement on community supervision for life was erroneous because his plea agreement did not include that condition. *Id.* When Plaintiff violated the terms of community supervision, Defendant Baggett, as the Probation Parole Manager, charged him with said violation on April 8, 2008, and Plaintiff was placed in jail. *Id.*

On June 11, 2008, Judge Gasaway amended the criminal judgment that had been entered against Plaintiff on November 1, 2001, removing the community supervision for life condition and releasing Plaintiff from jail. Docket Entry No. 1-1, p. 10. Plaintiff filed this 42 U.S.C. 1983 action on November 10, 2008. Docket Entry No. 1.

Defendant Tackett has previously filed a Motion for Judgment on the Pleadings (Docket No. 22), and Defendant Baggett has previously filed a Motion to Dismiss (Docket No. 26). The undersigned has submitted Reports and Recommendations recommending that those Motions be granted (Docket Nos. 39, 40). It is apparent that Plaintiff's claims against the State of

3

Tennessee, Montgomery County and Cheryl Castle, should be dismissed as well.

First, Plaintiff's claims against the State of Tennessee are barred by the doctrine of sovereign immunity and the Eleventh Amendment. *See Hans v. Louisiana,* 134 U.S. 1 (1890); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984). Moreover, Plaintiff makes only one substantive allegation against the State of Tennessee, namely that the State of Tennessee "did 'neglect' they'er duties as assigned by Montgomery County and the State of Tennessee." Docket No. 1, p. 12. While this allegation is conclusory, mere negligence is not a ground for liability under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 476 (6th Cir. 2008). To the extent that Plaintiff seeks to sue the State based upon the actions of other co-defendants, Plaintiff cannot sustain his claim for respondeat superior under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 694 (1978).

Second, the Complaint makes no substantive allegations against Defendant Montgomery County, nor does it seek any relief against Montgomery County. Once again, to the extent that Plaintiff seeks to sue Montgomery County for the acts of other co-defendants, Plaintiff cannot sustain his claim under § 1983 based upon the doctrine of respondeat superior.

Third, Plaintiff has sued Defendant Cheryl Castle in her official capacity and in her individual capacity. Docket No. 1, p. 4. Defendant Castle, however, is not subject to suit under § 1983 in her official capacity, because a suit against a state official in her official capacity is considered to be a suit against the State, which is not a "person" subject to suit under § 1983. *Will v. Michigan Dept. of State Police* , 491 U.S. 58, 71 (1989).

Plaintiff has also sued Defendant Castle in her individual capacity, alleging that: (1) the

4

original plea agreement was signed by Ms. Castle, along with Attorney Thomas R. Meeks (Plaintiff's attorney), Judge John Gasaway, III, Arthur B. Bieber (Assistant District Attorney General) and Debbie LaPoite (Docket No. 1-1, p. 6-7); (2) the original judgment Order was "stamped by," "signed by," "filed by," and forwarded to the Tennessee Department of Corrections "by and through Cheryl J. Castle" (Docket No. 1, p. 11); the Clerk or the Clerk's office typed an "X" within two of the boxes at the bottom of the original judgment Order specifying the condition of community supervision for life, which was not part of Plaintiff's plea agreement (*id.*); (3) the original judgment Order was signed by Defendant Castle, and also by Judge Gasaway and Attorney Bieber[1] (*id.*); (4) "the Montgomery Criminal Clerks Office headed by 'Cheryl J. Castle,' the Circuit Court 19th and the State of Tennessee did 'neglect' they'er duties as assigned by Montgomery County and the State of Tennessee"; and (5) after serving 64 days in jail, Plaintiff was informed that he had been released from the community supervision for life condition "due to an "error" that was made in the Montgomery County Criminal Clerks Office," and that [he] would be released when paper work was done" (*id.*, p. 12).

Plaintiff also makes the following allegation:

> Thus, and upon discovery by the Plaintiff "the Criminal Clerk's Office headed by "Cheryl J. Castle was notified by the States attorney "Arthur F. Bieber to correct the "finale judgment Order years before the Plaintiff was to be released from the Tennessee Department of Corrections.[2]

---

[1] Contrary to Plaintiff's allegation, it does not appear that the original judgment was signed by Defendant Castle. Docket No. 1-1, p. 8. That fact, however, is of no consequence.

[2] Viewed in the light most favorable to Plaintiff, this statement appears to allege that Assistant District Attorney General Bieber notified "the Criminal Clerk's Office" to correct the final judgment shortly after that judgment was entered (*i.e.* "years before the Plaintiff was to be release from the Tennessee Department of Corrections"). Plaintiff provides no factual basis for

5

*Id.*, p. 11 (footnote added).

The mere fact that Defendant Castle signed several documents gives rise to no cause of action against her under § 1983. Moreover, viewing the allegations of Plaintiff's Complaint in the light most favorable to him, his claims against Defendant Castle are based upon either her own negligence or a theory of respondeat superior. As discussed above, § 1983 does not provide a cause of action under either of these theories.

For the foregoing reasons, the undersigned concludes that Plaintiff has failed to state a claim upon which relief can be granted against Defendants the State of Tennessee, Montgomery County and/or Cheryl Castle, and the undersigned recommends that Plaintiff's claims against them be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See*

---

that statement and it appears to be inconsistent with other allegations of Plaintiff's Complaint. Plaintiff avers that the condition of community supervision for life was "placed upon the Plaintiff without his "knowledge," "consent" or his "signature." Docket No. 1, p. 11. It appears that Plaintiff knew from the beginning that his plea agreement did not contain such a condition, but it also appears that he did not discover that the Order contained that condition until after he had served sixty-four days in jail.

Even if the Court accepts this interpretation of the referenced allegation, it fails to state a claim against Defendant Castle, as it merely avers that Mr. Bieber notified "the Criminal Clerk's Office," to correct the final judgment.

*Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

7